IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESUS CHOSEN,** *also known* *as Chief Jesus* | § § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:20cv33-HSO-JCG** |
| **OFFICE OF ATTORNEY GENERAL OF STATE OF TEXAS,** *et al.* | § § | **DEFENDANTS** |

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This matter is before the Court sua sponte. Pro se Plaintiff Jesus Chosen ("Plaintiff") initiated this action on January 24, 2020, and he is proceeding *in forma pauperis* ("IFP"). For the reasons that follow, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction, for failure to prosecute, and for failure to obey Orders of the Court.

## I. BACKGROUND

Plaintiff's Complaint purports to invoke federal question jurisdiction and names as Defendants the Office of Attorney General of State of Texas and the Governor of Texas. *See* Compl. [1] at 2-4. According to the Complaint, the grounds for the existence of federal question jurisdiction are "Peace and Friendship Treaty/Breaches/Infrigments [sic] on my rights and privileges which I'm entitled to as Chief/Aboriginal/Indian and citizen of U.S." *Id.* at 3. Plaintiff claims that there have been "[n]umerous breaches of contract/constitution." *Id.* at 4. Where the form Complaint for a Civil Case requests that he provide a short and plain

statement of his claim, Plaintiff alleges only that "[t]he facts are in constitutional and civil laws of U.S. and civil case 24012 out of St. James Parish, La." *Id.*

On April 10, 2020, the Magistrate Judge ordered that, on or before May 4, 2020, Plaintiff should "file an amended complaint which demonstrates why his claims should not be dismissed for lack of subject matter jurisdiction, failure to state a claim, and as frivolous." *See* Order [4] at 6. The Magistrate Judge also advised Plaintiff that "failure to keep his address current with the Court, or failure to comply with this or any order of the Court may result in this case being dismissed." *Id*. at 5. The Order [4] was mailed to Plaintiff at his address of record, and it has not been returned.

Plaintiff did not file an amended complaint or any response to the Magistrate Judge's Order [4]. On May 12, 2020, the Magistrate Judge entered an Order [5] to Show Cause, affording Plaintiff "one final opportunity to file an amended complaint that states a viable basis for federal subject matter jurisdiction, states a claim, and is not frivolous." Order [5] at 2. The Magistrate Judge directed Plaintiff to file an amended complaint on or before May 27, 2020. *See id.* The Order [5] to Show Cause was mailed to Plaintiff at his address of record and has not been returned to the Court. To date, Plaintiff has not filed an amended complaint, responded to the Magistrate Judge's Orders, or otherwise communicated with the Court since the initial filing of the Complaint.

II. DISCUSSION

Federal courts have an independent obligation to determine whether subject-

matter jurisdiction exists.  *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020).   Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction.  *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).   As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing its existence.  *See United States ex rel. King v. Solvay Pharm., Inc.*, 871 F.3d 318, 325 (5th Cir. 2017).

In this case, Plaintiff asserts that the Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331.  *See* Compl. [1] at 3.   Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.

While the Complaint refers to a "Friendship Treaty," it is unclear to which treaty Plaintiff is referring and whether his claims arise under any treaty of the United States.  *See id.*; *see also, e.g., Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 125 (2d Cir. 2020) (discussing the 1951 Treaty of Friendship, Commerce and Navigation between the United States and Israel and finding that it did not confer federal jurisdiction in that case); *Jungil Lee v. ANC Car Rental Corp.*, 220 F. App'x 493, 495 (9th Cir. 2007) (considering the 1956 Treaty of Friendship, Commerce and Navigation between the United States and Korea and holding it did not confer original jurisdiction on federal courts).   As the Magistrate Judge stated in his Order [4], Plaintiff has provided no information about this treaty or how any of Defendants' actions are related to it.   Nor has Plaintiff responded to the Magistrate

Judge's Orders seeking additional information on his claims. Based upon the record, Plaintiff has not carried his burden of establishing the existence of federal subject-matter jurisdiction. Accordingly, this case will be dismissed without prejudice for lack of subject-matter jurisdiction.

Moreover, the Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

The Court warned Plaintiff that failure to comply with its Orders or keep the Court apprised of his address may lead to the dismissal of the Complaint. *See* Order [4] at 5; Order [5] at 1-2. Plaintiff has failed to comply with two Court Orders and has not kept his address updated. It is apparent from Plaintiff's failure to comply with the Court's Orders that he lacks interest in pursuing this case.

III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction,

for failure to prosecute, and for failure to obey the Orders of the Court.   A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE